UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| Katrina L. Robinson, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No. | **12 0073** |
| | ) | | |
| President Barack Obama *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |
| | ) | | |

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's motion for a temporary restraining order ("TRO"), which is accompanied by her complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application, deny the TRO motion, and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of a complaint that is found to be frivolous.

Plaintiff is a resident of Richmond, Virginia, who is suing President Barack Obama and Pastor Tony Smith of Baltimore, Maryland. *See* Compl. Caption. She alleges that Smith "has presented to numerous Police Departments and Media Outlets an Executive Order to force the Plaintiff (Katrina Robinson) a public prostitute." Compl. at 1 (parenthesis in original). According to plaintiff, "[t]he latest presentation" was at a shelter in San Antonio, Texas. *Id.* Plaintiff seems to claim that as a result of the alleged executive order, she is under surveillance by the FBI and "a group of people from Baltimore, MD" who allegedly is "promoting me as a prostitute across state lines." *Id.* She alleges that Smith "claims to have permission from the white house to publish naked pictures, false media to TV stations, offer satellite TV's [sic] for

public viewing and false newspaper articles (including Camden Yards, Walmart, and H.E.B. markets). *Id.* (parenthesis in original). In addition, plaintiff alleges that "[f]ootage is being distributed in several regions: MD, NC, TX, to judges, media and online[,] [and that] a Facebook group [is] dedicated to this effort." *Id.* She seeks, among other relief, "all documents issued by the President, his cabinet, or administration with my name identified as the person of interest . . . .," and "[a]ll documents distributed by Pastor Tony Smith, his membership, or business affiliates with my name identified as the person of interest . . . ." *Id.* at 2.

In the TRO motion, plaintiff seeks an order directing defendants to "cease" from issuing executive orders and "memorandum [sic] developed & implemented by the President naming me as person of interest[,]" and any "accompanying orders given to militia, FBI Agents, or Secret Service Agents [,] [and the Richmond, Virginia, police department] to have me restrained or restricted or arrested." TRO Mot. at 1.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2) as frivolous when, as found here, it describes fantastic or delusional scenarios, or contains "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). Furthermore, a complaint must be dismissed when, as also found here, it is so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *accord Caldwell v. Kagan*, 777 F. Supp.2d 177, 178 (D.D.C. 2011). Because the complaint is frivolous, no basis exists for issuing a TRO. Accordingly, a separate order denying plaintiff's TRO motion and dismissing the case accompanies this Memorandum Opinion.

Date: January 17, 2012

_____
United States District Judge